Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| CARMEN LUISA UBARRI NEVARES<br><br>Parte Recurrida<br><br>Vs.<br><br>RAFAEL ENRIQUE UBARRI NEVARES Y OTROS<br><br>Parte Peticionaria | TA2025AP00706 | *Apelación acogida como Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Guaynabo<br><br>Caso Núm. GB2025MU00166<br><br>Sobre: Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de abril de 2026.

Comparece ante nos el peticionario, Rafael Enrique Ubarri Neváres (en adelante, peticionario), y nos solicita que dejemos sin efecto la determinación, emitida y notificada el 29 de octubre de 2025, por el Tribunal de Primera Instancia, Sala de Guaynabo. Mediante esta, el Foro Primario emitió una *Orden de Protección* al amparo de la *Ley contra el Acecho en Puerto Rico*, Ley Núm. 284-1999, 33 LPRA sec. 4013, *et seq.*, a favor de la recurrida, Carmen Luisa Ubarri Neváres (en adelante, recurrida).

Por los fundamentos que expondremos a continuación, *se deniega* la expedición del recurso de *Certiorari*.

### -I-

El 23 de septiembre de 2025 la recurrida presentó una *Petición de Orden de Protección*.[1] En esta, alegó que, el pasado 4 de septiembre de 2021, el peticionario se molestó con ella por haberse estacionado en la acera, y que al día siguiente, su vehículo amaneció

---

[1] Apéndice del recurso, Entrada Núm. 1.

cubierto de excremento humano. Además, sostuvo que, el 4 de junio de 2025, el peticionario colocó una bocina debajo de la ventana de su cuarto, impidiendo que esta pudiese dormir. Igualmente, adujo que el peticionario prendía alarmas, en dirección hacia su ventana, y que, a pesar de que le había solicitado que bajara el volumen y la intensidad de las mismas, este no lo hacía.

Posteriormente, el 6 de octubre de 2025, el Tribunal de Primera Instancia expidió una *Orden de Protección Ex Parte* en contra del peticionario, así como que señaló una vista evidenciaria para el 29 de octubre de 2025.[2] Llegado el día pautado, surge de la transcripción de los procedimientos que declaró el peticionario, la recurrida y la señora Mariliana Dávila Santiago.

Evaluada a prueba pertinente, el 29 de octubre de 2025, el Foro Primario emitió la *Orden de Protección* a favor de la recurrida, la cual estaría vigente hasta el 29 de octubre de 2026.[3] En la misma, el Tribunal de Primera Instancia concluyó que existían manifestaciones de maltrato o negligencia de forma verbal, emocional o psicológica, así como los elementos que componen el delito de acecho e intimidación, y privación de descanso.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 22 de diciembre de 2025, el peticionario presentó el recurso de epígrafe. En su escrito, señaló la comisión de los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA ORDEN DE PROTECCIÓN FINAL SIN REALIZAR DETERMINACIONES DE HECHO ESPECÍFICAS, LIMITÁNDOSE A MARCAR CASILLAS GENÉRICAS EN UN FORMULARIO, EN VIOLACIÓN DE LA REGLA 52.2 DE PROCEDIMIENTO CIVIL Y LA JURISPRUDENCIA.

> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EXISTIÓ UN PATRÓN DE ACECHO POR PARTE DE DON RAFAEL SIN PRUEBA SUSTANCIAL Y SIN EVIDENCIA DE ACTOS RECIENTES, COMO EXIGE LA LEY #284; BASÓ SU DETERMINACIÓN EN UN TESTIMONIO CONTRADICTORIO Y ESPECULATIVO, Y

---

[2] *Íd.*, Entrada Núm. 2.
[3] *Íd.*, Entrada Núm. 10.

PASÓ POR ALTO LA AUSENCIA DE LA CORROBORACIÓN MÍNIMA QUE LA LEY 284 EXIGE.

**TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ADMITIR Y CONSIDERAR EVIDENCIA NO AUTENTICADA Y REALIZAR UNA APRECIACIÓN DE CREDIBILIDAD INCOMPATIBLE CON EL RÉCORD, CONTRARIO A LA REGLA 901 DE EVIDENCIA Y LA JURISPRUDENCIA APLICABLE.

El 5 de marzo de 2026, este Foro emitió una *Resolución*, mediante la cual ordenamos al Tribunal de Primera Instancia fundamentar su decisión en el caso de epígrafe. Por consiguiente, el 9 de marzo de 2026, el Foro de Instancia presentó una *Resolución Interlocutoria Enmendada*, en la cual emitió determinaciones de hechos adicionales. El Foro *a quo* aclaró que de la prueba surgió que, el 4 de septiembre de 2025, el peticionario tocó la puerta de la recurrida y le expresó que "merece una pela". Igualmente, el Foro Primario determinó que se demostró que el peticionario había instalado una alarma supersónica para espantar gatos, la cual sonaba constantemente y que, según lo declarado por la recurrida, este la prendía con la intención de perturbarla. Además, indicó que se probó que el peticionario instaló una cámara de seguridad en dirección a la habitación de la recurrida. Asimismo, señaló que la prueba demostró que la recurrida llamó en múltiples ocasiones al peticionario, así como que le gritaba insultos y palabras soeces.

Siendo así, tras examinar el expediente de autos, y contando con la transcripción de los procedimientos, procedemos a disponer del asunto que nos ocupa.

*-II-*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847, (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR

163, 174-175 (2020). Mediante la radicación de un recurso de *certiorari*, se solicita la revisión de, entre otros asuntos, las determinaciones finales emitidas por el foro de instancia en procedimientos de jurisdicción voluntaria. Regla 32 (B) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 49, 216 DPR __ (2025).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 63, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

### -*III*-

En el presente caso, el peticionario alega que el Tribunal de Primera Instancia erró al emitir la *Orden de Protección* sin determinaciones de hecho específicas. Igualmente, el peticionario

cuestiona la apreciación de la prueba que el Foro Primario realizó a la evidencia vertida en la vista evidenciaria.

Tras evaluar el expediente que obra ante nos, es nuestra apreciación que el Tribunal de Primera Instancia no abusó de su discreción ni actuó de forma parcial, perjudicial o errada al expedir la *Orden de Protección* a favor de la recurrida. Consideramos que no concurren los criterios pertinentes que ameriten nuestra intervención con la determinación recurrida. Por igual, no emana de los documentos que constan en el recurso, ni en la transcripción de los procedimientos de las vistas celebradas el 6 y 29 de octubre de 2025, que el Foro Primario haya errado al emplear sus funciones adjudicativas. Tampoco se desprende que existan indicios de que, en sus actuaciones, el Foro *a quo* haya incurrido en prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019).

Siendo así, concluimos que no están presentes los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que justifiquen nuestra intervención con el dictamen recurrido. Por consiguiente, denegamos expedir el auto solicitado.

*-IV-*

Por los fundamentos antes esbozados, los que hacemos formar parte de este dictamen, *denegamos* la expedición del recurso de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
